FILED
United States Court of Appeals
Tenth Circuit

February 16, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

DOMINGO FREDDIE VILLASENOR,

             Defendant - Appellant.

No. 10-1289

(D. Colorado)

(D.C. No. 1:10-CR-00037-PAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Domingo Freddie Villasenor pled guilty to one count of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one

count of possession of methamphetamine with intent to distribute, in violation of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

21 U.S.C. § 841(a)(1) and (b)(1)(C).  He was sentenced to thirty-two months' imprisonment.  Arguing that his thirty-two month sentence is substantively unreasonable, Mr. Villasenor appeals his sentence, which we affirm.

## BACKGROUND

The plea agreement between the government and Mr. Villasenor stipulated to the following relevant facts:  On January 6, 2010, Pueblo, Colorado police were patrolling the area around a bar known as Sammy's Lounge, when a police officer observed suspicious activity around a car.  As the officer approached the car, several people walked from the car into Sammy's Lounge.  Mr. Villasenor remained inside the car, however, crouched down behind the front seat.  When the officer arrived at the car, Mr. Villasenor climbed over the front seat of the car, exited through the front door and began walking away.

When the officer caught up to Mr. Villasenor, the officer could smell a strong odor of alcohol on Mr. Villasenor's breath and noticed that he was acting nervous.  When the police officer asked Mr. Villasenor whether he had any drugs or weapons with him, Mr. Villasenor responded, "No."  He did, however, permit the officer to check his pockets, where the officer discovered 2.2 grams of methamphetamine in a front pants pocket and a handgun holster in the pocket of his coat.  Another police officer looked into the car and saw a 9mm Keltee

handgun in plain view on the backseat floor. Officers subsequently determined that the gun was loaded.

Mr. Villasenor was charged, as indicated, with possession of methamphetamine with intent to distribute and possession of a firearm as a previously convicted felon. His guilty plea followed.

In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG") (2009), the United States Probation Officer prepared a presentence report ("PSR"). The PSR calculated Mr. Villasenor's base offense level as 14, and then added 4 levels as a "specific offense characteristic" under USSG § 2K2.1(b)(6), for a total of 18. With a 3-level reduction for acceptance of responsibility, Mr. Villasenor's total adjusted offense level was 15. Applying a criminal history category of IV, the PSR calculated an advisory Guidelines sentencing range of thirty to thirty-seven months' imprisonment.

The PSR recommended a thirty-month sentence for each count, to be served concurrently. It noted, however, several factors which could warrant a non-Guidelines sentence under 18 U.S.C. § 3553(a): while the offense of conviction was "relatively simple in nature," it was "troubling because [it was] the second occasion where the defendant was arrested with methamphetamine and a firearm

in his possession";[1] Mr. Villasenor was appearing "before the Court at age 30 for sentencing on his 15th adult conviction [and his prior convictions and sentences] appear to have had no impact on the defendant's behavior"; Mr. Villasenor's background and childhood were "disconcerting," in that he witnessed drug use and crimes and experienced "physical abuse and little stability" in his home; and Mr. Villasenor "could benefit from substance abuse treatment, additional education and/or vocational training." PSR at ¶¶ 128-131, R. Vol. 1 at 22-23.

Mr. Villasenor filed a motion for a downward departure and/or a variance from the advisory Guidelines range. He argued that he was entitled to a departure because, pursuant to USSG § 4A1.3(b)(1), his criminal history category IV over-represented the seriousness of his actual prior record. Mr. Villasenor's argument here was that, with the exception of his prior felony possession of methamphetamine offense that was very similar to the instant offense, the vast majority of his prior offenses were minor. He claimed, alternatively, that he was entitled to a downward variance in view of the sentencing factors of 18 U.S.C. § 3553(a). The government opposed the motion, and the probation department disagreed with Mr. Villasenor's argument for a departure based on the claim that his criminal history was over-represented.

---

[1]As discussed more fully below, Mr. Villasenor has an extensive criminal history, including a conviction for possessing methamphetamine while also possessing a firearm.

At sentencing, Mr. Villasenor addressed the court and made three specific points in favor of a lower-than-Guidelines sentence. First, he informed the court that, while incarcerated for the instant offense, he had obtained his GED.[2] Second, he told the court that, for the first time in his life, he had the support of his family. Finally, he confessed that he was addicted to methamphetamine and that he was ready and eager to participate in a rehabilitation program. He also indicated that he was willing to have his tattoos removed as a part of his effort to distance himself from his prior drug and crime-filled life.

After adopting the factual findings of the PSR, the district court denied Mr. Villasenor's motion for a departure or a variance. Its explanation was as follows:

> [T]he Court first of all finds that Category IV . . . does not overrepresent Mr. Villasenor's criminal history. And that's largely because of the fact that there are a lot of . . . convictions.
>
> . . . .
>
> [S]ince his becoming an adult, he has only really skipped 2008 in terms of receiving some type of a conviction. 2008 was a good year. He was paroled from his drug sentence . . . in January. His parole expired in September and he doesn't have any arrests for the rest of that year. But otherwise his criminal history is characterized by a lot of different convictions, failing to appear, getting revocations of probation and generally not displaying a willingness to abide by either the law or orders of courts regarding his sentencing.

---

[2]GED is the common term for a General Education Diploma, which is the equivalent of a high school diploma.

So the Court doesn't believe that the motion for downward departure is well grounded and for the exact same reasons the Court also doesn't believe that a variant sentence is appropriate either because Mr. Villasenor, like his tattoos, can't distance himself from his criminal history category.

Tr. of Sentencing at 15-16, R. Vol. 2 at 40-41.

The court did, however, decide to sentence him "towards the bottom of the [advisory Guidelines sentencing] range because . . . Mr. Villasenor has some strong incentives in his life to get his act together." Id. at 19, R. Vol. 2 at 44. The court therefore sentenced Mr. Villasenor to thirty-two months on each count, to be served concurrently, followed by three years of supervised release. This appeal from his sentence followed.

**DISCUSSION**

Mr. Villasenor makes a single argument—that his thirty-two month sentence is substantively unreasonable. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Huckins, 529 F. 3d 1312, 1317 (10th Cir. 2008) (internal quotations marks omitted). On appeal, we presume a sentence within the properly calculated Guideline range to be reasonable. See United States v. Kristl, 437 F. 3d 1050, 1055 (10th Cir. 2006) (per curiam). As the Supreme Court has noted, district courts are "in a superior position to find facts and judge their import under

-6-

§ 3553(a) in the individual case." Gall v. United States, 552 U.S. 38, 51 (2007). Accordingly, "as long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008).

Mr. Villasenor's primary argument is that the court placed too much emphasis on a negative incident in his past (his 2006 methamphetamine conviction) and not enough emphasis on all of the positive aspects to Mr. Villasenor's past and his likelihood of repeating an offense. We disagree. While the court acknowledged that many of Mr. Villasenor's prior offenses were misdemeanors, their negative impact was compounded by the fact that he often missed court deadlines or failed to appear for scheduled appointments. Thus, as the court stated, Mr. Villasenor demonstrated a persistent refusal "to abide by either the law or orders of the court." Tr. of Sentencing Hr'g at 16, R. Vol. 2 at 40. Furthermore, there were additional convictions in Mr. Villasenor's past that were not counted in calculating his criminal history. Finally, the court was clearly troubled by Mr. Villasenor's 2006 conviction for possession of methamphetamine, as it was strikingly similar to the instant crime of conviction.

In sum, we cannot say that the district court's selected sentence was arbitrary, capricious or manifestly unreasonable, and Mr. Villasenor has failed to overcome the presumption that the sentence is reasonable under the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge