**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANDRE DION MOORE,

      Defendant-Appellant.

No. 11-1358
(D.C. No. 1:10-CR-00158-REB-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

After Andre Moore pleaded guilty to possession of cocaine with intent to

distribute and related conspiracy charges, the district court turned its attention to

sentencing. The court found that Mr. Moore's adjusted offense level was 25 and

that his past criminal conduct placed him in criminal history category VI, the

guidelines' highest category. These numbers yielded an advisory guidelines

sentence of between 110 and 137 months in prison. Because of Mr. Moore's

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantial assistance to law enforcement, however, the district court chose to depart downward by 25% from the bottom end of this range, ultimately issuing a sentence of 82 and one half months.

On appeal, Mr. Moore doesn't claim that the district court miscalculated the guidelines range or committed any other procedural error. Instead, he argues his sentence is substantively unreasonable. Because his sentence falls below the range set by the sentencing guidelines, however, we accord it a presumption of reasonableness. *United States v. Perez-Jiminez*, 654 F.3d 1136, 1147 (10th Cir. 2011). We owe the district court's procedurally valid sentence "substantial deference," and we may overturn it only if it is "arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quotation omitted).

None of these circumstances exists here.

Mr. Moore complains that the guidelines substantially over-represent the seriousness of his criminal history, noting that many of the prior convictions leading to his placement in criminal history category VI involved traffic violations. And, he points out, even the pre-sentence report recommended a downward departure on the grounds that the guidelines overstated the seriousness of his criminal history.

But though there is surely room for disagreement about whether Mr. Moore's sentence was appropriate, we cannot say that the district court's decision

was unreasonable. First, this isn't a case where Mr. Moore fell close to the border between two criminal history categories; it takes 13 criminal history points to put a defendant into category VI, and he received 17 points. We also note, as did the district court, that many of the offenses leading to his placement in category VI were indisputably serious. They include a felony drug charge, an assault conviction, and three convictions for driving under the influence (twice for alcohol and once for marijuana). On top of the nine crimes for which the guidelines assigned Mr. Moore criminal history points, he was convicted of three additional crimes (including another drug possession charge) for which the guidelines assigned him no points but which the district court was entitled to, and did, take into account. *See*, *e.g., United States v. Villasenor*, 413 F. App'x. 78, 81 (10th Cir. 2011). In light of all this, we cannot say it was unreasonable for the district court to conclude that Mr. Moore's twelve criminal convictions evinced a systematic disregard for the law and that the advisory guidelines did not substantially overstate his criminal history.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 3 -