FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KARL BURGDORF,

      Defendant-Appellant.

No. 11-3324
(D.C. No. 6:11-CR-10062-01-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Karl Burgdorf arranged to purchase over 47 grams of methamphetamine and to transport it from Mexico to Kansas for resale. For this he was charged with — and eventually pleaded guilty to — a federal racketeering offense. *See* 18 U.S.C. § 1952. At sentencing, the district court calculated Mr. Burgdorf's advisory guidelines range to be 46 to 57 months. But because of Mr. Burgdorf's long criminal history, the district court departed upward to the statutory maximum

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 60 months.  Now on appeal, Mr. Burgdorf doesn't suggest that the district court miscalculated the guidelines range or committed any other procedural error.  Instead, he argues his sentence is substantively unreasonable.

We review the district court's sentencing decision only for abuse of discretion.  *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).  Under this standard, we owe the district court's decision "substantial deference" and may reverse only if the decision is "arbitrary, capricious, whimsical, or manifestly unreasonable."  *Id*.  Seeking to clear this high hurdle, Mr. Burgdorf claims the district court placed too much weight on his prior criminal history and gave short shrift to his rehabilitative needs.  We cannot agree.

While Mr. Burgdorf tries to downplay his criminal history, he has no fewer than twenty-four adult criminal convictions.  Mr. Burgdorf stresses that some of his convictions are old and others involve traffic violations.  But some are also serious (burglary and drug offenses), many are recent, and the traffic offenses turn out to include several DUIs.  Despite all this, the advisory guidelines placed Mr. Burgdorf in criminal history category I, the lowest category.  It was hardly reversibly unreasonable for the district court to conclude this categorization failed to give appropriate weight to Mr. Burgdorf's nearly unbroken record of criminal activity spanning over thirty years.  *See United States v. Moore*, 456 F. App'x 762, 764 (10th Cir. 2012).

It was likewise reasonable for the district court to conclude the prospects for his rehabilitation were dim and that incarceration rather than supervised release would best protect the community and deter future offense. Despite Mr. Burgdorf's protestation to the contrary, the district court was not required to credit his expression of remorse or his promise to change his ways. Given the length and consistency of Mr. Burgdorf's past record, the court was well within its discretion to invoke the maxim that the best predictor of future behavior is past behavior.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge